————————o————————

## No. 5719.

## GENESEE LUMBER CO. vs. SOUTHERN SAWMILL COMPANY.

### Syllabus.

Where one party asks of the other a release from a contract, if same can be done without loss to such other party, the time for the latter to consider his resulting loss of profits and to make reservations, with respect thereto is before and not after giving the release.

Appeal from the Civil District Court of the Parish of Orleans, Division "E," No. 99,845, Hon. G. H. Theard, Judge.

Dart, Kernan & Dart, and B. B. Purser, attorneys for plaintiff and appellee.

Borah & Block, attorneys for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

It is not disputed that defendant owes the price of the lumber for which plaintiff sues, and it is admitted that this lumber was part of a larger quantity purchased by defendant, but which plaintiff failed to deliver, as a result of which failure defendant was deprived of the profits that it would have realized through the sale it had made

— 144 —

of the lumber to the Panama R. R. Co. It is likewise conceded that defendant, having received the following request from plaintiff and having secured the release of its obligation to deliver the lumber to the Panama R. R Co., thereupon cancelled, voluntarily, and without reservation, the contract for the balance of the lumber. * * *

"If you can consistently cancel this order without any financial loss to us or yourselves, we would be more than pleased to receive the cancellation."

The question before us is whether or not the lower Court erred in rejecting defendant's claim to recover of plaintiff the profits it would have realized through the resale made to the Panama R. R. Co.

A mass of testimony was adduced in an effort to show what meaning was intended by the language used by the agreement of cancellation. But in our judgment this testimony fails to indicate that any meaning was intended other than the language itself in its ordinary sense clearly imports.

If plaintiff would have merely said to defendant: "If you could without loss to yourself release me from this contract, I would appreciate your doing so," and defendant had agreed to the release without reservation of any kind, clearly the latter could not thereafter claim profits and thereupon inflict loss upon plaintiff contrary to the agreement.

The time for defendant to consider the question of his resulting loss of profits and make reservation with regard thereto, was before giving the release and not after.

The present case is even stronger for plaintiff made it perfectly clear that its main purpose in seeking a voluntary release was to avoid all liability for loss consequent upon the non-delivery of the lumber. Should the plaintiff be now made to bear the burden of defendant's loss of

profits, the former would be subjected to the very liability from which it sought in advance to be absolved.

The lower Court properly rejected defendant's claim and its judgment is accordingly affirmed.

Affirmed.

Judge Dufour takes no part.

Opinion and decree, February 10th, 1913.

Note by reporter:—(The original of the foregoing opinion is not in the Clerk's office. The above opinion is a verbatim copy of the opinion which the Clerk of Court sent to the lower Court, as a true copy of the original opinion.)

————o————